UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. No. 17-280 (KM) |
| JAIRO ROSADO, | **MEMORANDUM & ORDER** |
| Defendant. | |

Jairo Rosado pled guilty in 2017 to an Information that charged him with one count of conspiracy to distribute 1 kilogram or more of heroin and one substantive count of possession with intent to 1 kilogram or more of heroin. *See* 21 U.S.C. §§ 846, 841(a) & (b)(1)(A). On November 25, 2019, he began serving a three-year term of supervised release, which is set to expire on November 24, 2022. Now before the Court is Mr. Rosado's motion (DE 37), pursuant to 18 U.S.C. § 3583(e), for early termination of his term of supervised release. For the reasons stated herein, the motion is denied.

## I. WAIVER

A threshold issue is waiver. Mr. Rosado's plea agreement, entered in 2017, contains a waiver provision:

> ROSADO knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 31. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 29. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that

> stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

(DE 24 at 10 ¶ 17. *See also id.* at 2 (advising that the court "(3) pursuant to 21 U.S.C. § 841, will require ROSADO to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed."))

The U.S. Court of Appeals for the Third Circuit construed a District of New Jersey plea agreement containing substantively identical language in *United States v. Damon*, 933 F.3d 269, 272 (3d Cir. 2019). *Damon* affirmed the district court's denial of that defendant's post-imprisonment motion, pursuant to 18 U.S.C. § 3583, to shorten his term of supervised release. After exhaustive analysis, *Damon* held that the defendant's plea agreement waived such a challenge, because it fell within the scope of the waiver of appeals and other challenges to the sentence.

To be enforceable, a waiver in a plea agreement must meet three criteria: that "(1) [] the issues [defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice." *United States v. Damon*, 933 F.3d 269, 272 (3d Cir. 2019) (quoting *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008)). There is no challenge here to the scope of the plea agreement or the voluntariness of the plea. Mr. Rosado argues only that he has reformed, and that his exemplary conduct in the last two years demonstrates that further supervision is unnecessary. Such considerations present a judgment call at best, and do not rise to the level of a miscarriage of justice.

*Damon* forecloses any argument that "sentence," as used in the plea agreement, does not encompass the supervised release component. To be sure, *Damon* involved the waiver of an appeal from the denial of an application for early termination of supervised release, rather than the application itself. Still,

the logic is parallel; *Damon* construes them together, and the waiver itself speaks in the broadest possible terms, waiving "any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 or any other application for relief."[1]

I therefore hold that this motion is barred by the waiver in Mr. Rosado's plea agreement.

## II. MERITS OF THE MOTION

All of that said, *Damon* has been distinguished from time to time.[2] I note in addition that the U.S. Attorney's Office for the District of New Jersey appears to have revised its standard plea agreement language. I now regularly see provisions exempting First Step Act motions, proceedings to revoke supervised release, and related appeals from the scope of the standard waiver of appeals and other challenges to sentence. I do not suggest any impropriety in the government's reliance on the language of the plea agreement it signed with Mr. Rosado in 2017. To maintain consistency, however, I consider in the alternative whether, setting the waiver aside, I would grant Rosado's application here. I conclude that I would not.

As relevant here, the statutory provision for early termination states as follows:

> (e) Modification of Conditions or Revocation.—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

---

[1] *Damon* also raised, but did not resolve, a second threshold issue: whether the district court is empowered to shorten a term of supervised release below the mandatory minimum of "at least 4 years" required by 21 U.S.C. § 841(b)(1)(B) in that case. *See* 933 F.3d at 275 n.3. The government does not appear to rely on that argument here.

[2] Though not on grounds applicable here. *See United States v. Mabry,* 528 F. Supp. 3d 349, 354 (E.D. Pa. 2021) (E.D. Pa. plea agreement with narrower waiver language); *United States v. Harris,* 14-CR-00434 (PGS), 2021 WL 4342091, at *3 (D.N.J. Sept. 23, 2021) (request originating from Probation Office, as opposed to motion by defendant); *United States v. Fluellen,* No. CR 09-497-1, 2022 WL 309159, at *5 (E.D. Pa. Feb. 2, 2022) (E.D. Pa. plea agreement with narrower waiver language).

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

18 U.S.C. § 3583(e). The court need not make detailed findings as to each of the relevant § 3553(a) factors, but must indicate that it has considered them. *See United States v. Melvin*, 978 F.3d 49, 52–53 (3d Cir. 2020).[3]

---

[3]    For convenience, the relevant sections of § 3553(a) are quoted here:

**(a)  Factors To Be Considered in Imposing a Sentence.—** . . . The court, in determining the particular sentence to be imposed, shall consider—

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed— . . .

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . .

**(4)** the kinds of sentence and the sentencing range established for—

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

**(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement—

I have considered all of the relevant factors. My denial of this motion rests primarily on the nature of the offense, and the need for a sentence that reflects the seriousness of the offense, promotes respect for the law, provides deterrence, and protects the public.

The offense conduct involved Mr. Rosado's full participation in a drug trafficking organization as a source of supply. In particular, it rests on his physical possession of a suitcase containing 10 kilograms of heroin and evidence of a drug packaging and distribution facility in his residence. But for a downward departure, he faced a mandatory minimum sentence of ten years. Such a sentence would have served the interests of justice and would have been amply justified. The downward departure to time served was a drastic one, resulting in virtually no incarceration. It was based on grounds that in no way reduce Rosado's culpability for the offense conduct. True, this was Mr. Rosado's first conviction, and he appears to have cut his ties to his former associates. Nevertheless, it is also true that he compiled a track record of serious criminal conduct and that he bears watching so that he does not backslide.

The only significant grounds cited in Mr. Rosado's motion consist of his now-law-abiding life, his record of good compliance with supervision, and the nuisance of obtaining travel clearance from U.S. Probation, given his employment as a truck driver and desire to visit out-

---

**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.[1]

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

5

of-state relatives. Beginning on February 13, 2020, Rosado was transferred to the Probation Office's Low Intensity Caseload ("LIC"). Burdens are minimal. He is required, for the next six months until his term expires, to report any change in employment or residence; obtain clearance for planned out-of-area travel; and submit a monthly report. In short, Probation appears to be reasonably accommodating the reduced need for supervision; they are doing no more than keeping minimal tabs on a former major drug trafficker. That is not too much to ask.

The Court is not distrustful of Mr. Rosado's sincere commitment to permanently leave behind his former criminal life. That represents supervised release functioning as intended. Should conditions of supervision interfere with such worthy rehabilitative goals as maintenance of employment, Mr. Rosado may request that his supervising officer modify them. At the present time, however, early termination is not advisable.

## ORDER

Accordingly, for the reasons expressed above,

IT IS this 18th day of May, 2022,

ORDERED that the defendant's motion for early termination of supervised release (DE 37), pursuant to 18 U.S.C. § 3583(e), is DENIED.

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge